Haleh C. Naimi, Esq. (SBN 201449)
ADVOCATE SOLUTIONS, INC.
A Professional Corporation
9701 WILSHIRE BOULEVARD, SUITE 1000
BEVERLY HILLS, CA 90212
Telephone:  (310) 601-7157
Facsimile:   (310) 317-7151

Attorney for Secured Creditor,
ALLSTATE FINANCIAL GROUP, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Muscle Improvement, Inc.<br>Muscle Improvement – Hawthorne Inc.<br>Muscle Improvement – Commerce, Inc.<br>Abram Tavera and Ruth Tavera<br>Muscle Training Corporation<br>Muscle Improvement Holding Corporation,<br><br>Debtors. | Chapter No.: 11<br><br>Case No.: 2:10-bk-12736-SB<br>Case No.: 2:10-bk-12743-SB<br>Case No.: 2:10-bk-12756-SB<br>Case No.: 2:10-bk-12765-SB<br>Case No.: 2:10-bk-13087-SB<br>Case No.: 2:10-bk-13094-SB<br><br>(Jointly Administered: 10-bk-12736-SB)<br><br>MOTION OF ALLSTATE FINANCIAL GROUP, INC. FOR SANCTIONS AGAINST DEBTORS AND COUNSEL FOR DEBTORS, ROBERT YASPAN AND THE LAW OFFICES OF ROBERT YASPAN<br><br>**Hearing**<br><br>**Date:**  July 21, 2010<br>**Time:**  11:00 a.m.<br>**Place:**  Courtroom 1575<br>             255 E. Temple Street<br>             Los Angeles, CA |

**TO THE HONORABLE SAMUEL L. BUFFORD, UNITED STATES BANKRUPTCY**

**JUDGE, THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Allstate Financial Group, Inc. ("Allstate"), through its counsel, Haleh Naimi and Advocate Solutions, Inc. (together "Attorney") hereby move this Court for entry of an order imposing

1

sanctions against the Debtors and their counsel, Law Offices of Robert Yaspan ("Counsel") pursuant to Bankruptcy Code section 105(a) and Federal Rule of Bankruptcy Procedure 9011.

In support of this Motion, Attorney submits the accompanying Memorandum of Points and Authorities, as well as the Declaration of Haleh C. Naimi ("Naimi Decl.").

## I.

## FACTUAL BACKGROUND

Debtors, through their counsel filed a baseless Motion to Disqualify Attorney (*Disqualification Motion*) on June 18, 2010 for the improper purpose of interfering with Attorney's investigation into the Debtors' mismanagement and breaches of fiduciary duty. The *Disqualification Motion* was used as a preemptive strike to derail Attorney's investigation and perhaps discourage further action against the Debtors.

Debtors filed their bankruptcy petitions on January 26, 2010. On May 24, 2010, Debtors filed a request for extension of their exclusivity period (*Exclusivity Motion*). Allstate filed its objection to the *Exclusivity Motion* on June 10, 2010 ("Objection"). On June 11, 2010, counsel for Debtors contacted Attorney *via* e-mail with disparaging comments about her character and falsely accused Attorney that her representation of Allstate presented a conflict of interest requiring her withdrawal from the case. (Naimi Decl. ¶ 6). Attorney immediately advised Counsel that his clients had misinformed him of the facts and requested that Counsel engage in a more professional tone and manner when approaching opposing counsel. (Naimi Decl. ¶ 7). On Sunday, June 13, 2010, Counsel again contacted Attorney *via* e-mail demanding a response to a list of factual questions concerning the alleged conflict of interest with a self-imposed 24-hour deadline to respond. (Naimi Decl. ¶ 8). On June 14, 2010, Counsel filed an adversary complaint against Allstate and John Michael (Doc. #95). Debtors filed their response to Allstate's Objection on June 16, 2010 (Doc. #96). On June 18, 2010, Debtors filed their *Disqualification Motion* (Doc. #98).

Having been retained in this matter less than one (1) week, Attorney was reviewing the documents, pleadings, motions, and e-mail correspondence among Counsel, Allstate's former attorney, and the Debtors exchanged over the previous five months in preparation for her

2

representation of Allstate. On June 19, 2010, Attorney filed a declaration with supporting documents in response to Counsel's false accusations of conflict of interest. (Naimi Decl. ¶ 9).

The Debtors' and Counsel's intent to harass is particularly transparent by the timing of their document filings and the lack of evidentiary support for the information presented to the Court. Attorney had not filed any papers with respect to the amount or extent of Allstate's claim when it filed its Objection. Allstate was merely preserving its interest under circumstances where Debtors were mismanaging their businesses and destroying their remaining value. As such, in order to allege any conflict of interest, Counsel had to first create a dispute regarding the scope and extent of Allstate's claim by commencing an adversary proceeding, which he did four (4) days before filing the *Disqualification Motion*.

Moreover, in preparing the *Disqualification Motion*, Counsel failed to exercise a reasonable amount of good faith in submitting a declaration to the Court, which was comprised predominantly of false and fabricated testimony by a felon previously convicted of crimes, including, the participation in a scheme to defraud. Submitting this declaration without performing the necessary due diligence is particularly egregious in light of the fact that Counsel was warned that his clients had misinformed him of the facts and circumstances of their involvement with Attorney. At the very least, the statements submitted under oath should have been verified by follow-up questions and request for documentary support. Counsel failed to reasonably exercise that pre-filing inquiry. Instead, Counsel proceeded with the submission of blatantly false testimony, under penalty of perjury to the Court.

## II.

## ARGUMENT

**A.     Sanctions Must Be Imposed Against the Debtors and Counsel For Filing the *Disqualification Motion***

The Ninth Circuit has held that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).

In fact, bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).  Moreover, monetary sanctions may be awarded for violations of Bankruptcy Rule 9011, which provides in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney … is certifying that to the best of the person's knowledge, information, and belief, <u>formed after an inquiry reasonable under the circumstances</u>, --
>
> (1)     it is <u>not being presented for any improper purpose</u>, such as to harass, to cause unnecessary delay or needless increase in the cost of litigation;
> (2)     the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3)     the <u>allegations and other factual contentions have evidentiary support</u> or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

*See* Fed. R. Bankr. P. 9011(b) (West Supp. 2001) (emphasis added).

If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, upon the attorneys, law firms, or parties that have violated Rule 9011(b) or are responsible for the violation. Fed. R. Bankr. P. 9011(c).  Bankruptcy Rule 9011 is intended to deter abuses in the filing of pleadings and other documents and to ensure that the parties who submit such documents have made a <u>reasonable inquiry into the truth of the matters stated therein</u> prior to filing the documents.

"[B]ankruptcy courts must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *In re Marsch*, 36 F.3d 825, 830 (9th Cir. 1994).  The Ninth Circuit went further in explaining that "[a] restitutionary award compensating the opposing party for unnecessary litigation expenses--as opposed to a punitive fine paid to the court--is a particularly appropriate

4

sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment." *Id.* at 831. Moreover, "when the rule is violated, the imposition of sanctions under Bankruptcy Rule 9011 is mandatory, not discretionary." *In re Chisum*, 847 F.2d 597, 599 (9th Cir. 1988); *see also Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th. Cir. 1986).

### 1. **Counsel Failed to Reasonably Conduct a Preliminary Inquiry Into Facts Supporting the Disqualification Motion**

The Notes of the Advisory Committee on Rules to FRCP 11, stress the need for some prefiling inquiry into both the <u>facts and the law</u> to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation. Subjective bad faith is not necessary for the imposition of sanctions under Rule 9011; rather the standard is the <u>reasonableness of the conduct under the circumstances</u>. *In re Film Ventures International, Inc.,* 89 Bankr. 80, 83 (9th Cir. BAP l988) (emphasis added).

Counsel filed the *Disqualification Motion* with the supporting declaration of Christian Ehlers, a convicted felon, whose crimes comprised of, among other things, participating in a scheme to defraud. Counsel had been warned that his clients had misinformed him of the facts, but he represented his clients' version of the facts as evidentiary support without conducting a reasonable inquiry to verify the information alleged in Mr. Ehlers' declaration. Had Counsel conducted a preliminary inquiry, he would have acknowledged that Mr. Ehlers' testimony was contradicted by the tangible evidence, such as the e-mail communications exchanged. The following serve as examples of testimony which should have been questioned prior to submission to the court as evidence: (i) Mr. Ehlers testified that documents were provided to Attorney at the October 30, 2009 meeting, but the October 31, 2009 e-mail appears to contradict his testimony; (ii) Mr. Ehlers testified that the meetings lasted two (2) hours in duration, but only a $350 fee, reflecting Attorney's hourly rate in 2009, was allegedly paid; (iii) Mr. Ehlers testified that a cashier's check was remitted to replace the returned check in the sum of $350, but no tangible evidence was

provided to support this allegation; (iv) Mr. Ehlers testified that he informed Attorney that Allstate "would become a formal adversary if they filed bankruptcy" but failed to explain why they would invite the president of this company to a consultation with Attorney.

Counsel also previously submitted the declaration of Steve Tavera in support of their response to Allstate's Objection. Mr. Tavera's declaration contained similar false testimony which could have been omitted by conducting a reasonable preliminary inquiry.

### 2. **Counsel Filed the Disqualification Motion As Litigation Strategy to Derail Attorney's Investigation Into the Debtors' Misconduct**

Counsel improperly used the *Disqualification Motion* as sword in litigation to impair Allstate's progress in uncovering Debtors' misconduct. The Ninth Circuit acknowledged the potential for abuse in filing a disqualification motion and has held that such motions should be subjected to particularly strict judicial scrutiny. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985) (*citing Freeman v. Freeman*, 689 F.2d 715, 721-722 (7th Cir. 1982)). To be justified, a motion to disqualify must be based on present concerns and not on concerns which are merely anticipatory and speculative. *In re Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1361 (9th Cir. 1981).

In this case, Allstate was not litigating or liquidating its claim and there were no pending lawsuits before the Court concerning the scope or extent of Allstate's claim. Allstate had filed its Objection to Debtors' *Exclusivity Motion* for the purpose of preserving its claim as well as the claims of other constituents, but there was no current controversy concerning Allstate's claim. Counsel created this issue by strategically filing an adversary complaint for the sole purpose of creating a dispute to support his *Disqualification Motion*. Allstate and Attorney were in the process of uncovering evidence of Debtors' misconduct when the *Disqualification Motion* was filed. Rather than filing a formal motion at this time, Counsel should have initially conducted a reasonable investigation of the facts surrounding the alleged conflict of interest. Instead, counsel used the *Disqualification Motion* as a sword in an attempt to harass and intimidate Attorney from proceeding with the investigation of Debtors misconduct.

6

## III.

## **CONCLUSION**

Based on the foregoing, Attorney has established that Counsel failed to conduct a reasonable inquiry into the factual support for filing their *Disqualification Motion* and that the motion was filed for the sole purpose of derailing Attorney's investigation of Debtors' misconduct. Debtors and Counsel have repeatedly submitted false and misleading testimony in support of their motions, thus offending the Court and impairing the just and effective progress of these Chapter 11 cases.

WHEREFORE, Attorney respectfully requests that the Court sanction Debtors and Counsel for their abuse of process and failure to satisfy their affirmative duty to engage in pre-filing inquiry; award reasonable attorney's fees in the sum of $7,875.00 and approximate costs advanced in the sum of $114; and grant such other and further relief the Court deems just.

Dated:  June 30, 2010                              ADVOCATE SOLUTIONS, INC.
                                                   A Professional Corporation


                                                   By:   /s/ Haleh C. Naimi
                                                         Haleh C. Naimi, Esq.
                                                         Attorney for Secured Creditor,
                                                         ALLSTATE FINANCIAL GROUP, INC.