

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

Muscle Improvement, Inc.,
Muscle Improvement – Hawthorne, Inc.,
Muscle Improvement – Commerce, Inc.,
Abram Tavera and Ruth Tavera,
Muscle Training Corporation
Muscle Improvement Holding
Corporation,

                    Debtors.

Case No.:  2:10-bk-12736SB
Case No.:  2:10-bk-12743SB
Case No.:  2:10-bk-12756SB
Case No.:  2:10-bk-12765SB
Case No.:  2:10-bk-13087SB
Case No.:  2:10-bk-13094SB
  *(consolidated under 2:10-bk-012736SB*
  *for administrative purposes)*

Chapter 11s

**AMENDED OPINION ON
DISQUALIFICATION OF COUNSEL FOR
CREDITOR ALLSTATE FINANCIAL
GROUP, INC.**

Date:   July 13, 2010
Time:   11:00 a.m.
Ctrm:   1575
Floor:  15th

## I. Introduction

Chapter 11[1] debtors Muscle Improvement Inc. and five related entities (collectively "Muscle Improvement") move to disqualify Haleh Naimi and her law firm as counsel for creditor Allstate Financial Group, Inc. ("Allstate") on the grounds of conflict of interest. Debtors contend that they provided confidential information to Ms. Naimi when they consulted with her about representing them in these consolidated bankruptcy cases (but declined to retain her). The court finds that, under California law, Ms. Naimi must be disqualified under the "substantial relationship" test.

## II. Relevant Facts

Debtors have brought an adversary proceeding against their principal creditor Allstate on a number of claims, including breach of contract and fraud. Allstate has appeared through its counsel, Ms. Naimi. Debtors now move to disqualify Ms. Naimi and her firm, Advocate Solutions, Inc., from representing Allstate or its representative, John Michael, on conflict of interest grounds. The disqualification motion is based on two consultations that debtors had with Ms. Naimi prior to their bankruptcy filing, in which they discussed retaining her to represent them in these cases.

At the first meeting with Ms. Naimi, the parties spent two hours discussing Ms. Naimi's prior bankruptcy experience and debtors' financial problems. John Michael also attended this meeting. After the first meeting, the debtors provided Ms. Naimi several documents relating to their financial condition. Following the first meeting, Ms. Naimi sent a retainer agreement to the debtors for signature. The retainer agreement was never signed or returned.

The second meeting took place on November 23, 2009. Ms. Naimi and debtors' agents designated this meeting as a "consultation," for which Ms. Naimi billed debtors $350. Debtors' agents brought a financial consultant, Brian Avaylon,[2] to the second meeting to discuss their financial condition. The debtors brought a file of documents. Mr. Avaylon reviewed the debtors' financial affairs with Ms. Naimi and together they examined documents in the file. Ms. Naimi advised the debtors that it would be better to attempt a workout rather than file bankruptcy cases because it would be less expensive. She also advised the debtors not to make payments to their creditors that could be considered preferential payments.[3] Neither John Michael nor any other Allstate representative attended this meeting.

Debtors ultimately chose not to employ Ms. Naimi. Instead, they hired their present bankruptcy counsel Robert Yaspan for their chapter 11 bankruptcy cases. Allstate then hired Ms. Naimi to represent Allstate's interests in these cases.

Debtors now move to disqualify Ms. Naimi and her firm from representing Allstate or John Michael on conflict of interest grounds.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2009) and to the Federal Rules of Bankruptcy Procedure Rules 1001-9036.

[2] Ms. Naimi contends that Mr. Avaylon's presence at the meeting prevented it from being confidential, since he was a creditor of the debtors. The court finds the evidence insufficient to support this contention. Instead, the court infers that Mr. Avaylon was part of the debtors' management and consulting team for the purposes of dealing with their financial problems.

[3] Ms. Naimi disputes the debtors' account of what transpired at this second meeting. For the purposes of this motion, the court finds this dispute irrelevant. So long as the parties do not agree as to what happened, the court must credit the account of the debtors. *Compare Zimmerman v. Zimmerman (In re Zimmerman)*, 16 Cal. App. 4th 556, 565 (1993) (disqualification of counsel not required because parties agreed that no confidential disclosures were made in the preliminary meeting).

## III. Analysis

Conflict of interest law is complex and subtle. While a careful lawyer should not have difficulty in complying with most of the applicable rules of professional conduct,[4] even sophisticated counsel trying to comply with the rules regarding conflict of interest must make difficult and uncertain decisions. In consequence, the disqualification of counsel on conflict of interest grounds normally does not reflect on counsel's integrity or qualifications to practice law. See, e.g., In re Jaeger, 213 B.R. 578, 583-93 (Bankr. C.D. Cal. 1997) (disqualifying large law firm for representing conflicting interests).

The court finds that Ms. Naimi has a conflict of interest that requires her disqualification from representing Allstate in this bankruptcy case.

### A. Applicable Law

The federal courts in California do not have their own rules of professional conduct for lawyers. Local Rule ("LBR") 2090-2(a) of the Bankruptcy Court for the Central District of California, which governs the professional responsibility of attorneys practicing before this court,[5] incorporates by reference the district court's local rule 83-3.1.2, which requires that attorneys comply with the California Rules of Professional Conduct, as interpreted by California case law.[6]

Accordingly, we turn to the applicable California rules and case law to determine the motion before the court. See, e.g., Jaeger, 213 B.R. at 583.

In addition, a court's power to disqualify an attorney from appearing in a particular case derives from the power of every court to control the conduct of attorneys practicing before it. See, e.g., Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980); People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1145 (1999). Ultimately, a court's decision to disqualify an attorney is based upon the need to maintain high standards of professional responsibility. See id.

### B. California Rules on Disqualification for Conflicts of Interest

Rule 3-310 of the California Rules of Professional Conduct requires an attorney to avoid the representation of adverse interests. Rule 3-310(E) states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.[7]

See also Flatt v. Superior Court, 9 Cal. 4th 275, 283-84 (1994).

The chief fiduciary value protected when an attorney represents successive clients is client confidentiality. See, e.g., id. at 283; see also, CAL. BUS. & PROF. CODE § 6168(e)(1) (West 2008) (requiring an attorney,

---

[4] California Rules of Professional Conduct. The California rules of professional conduct, unlike those in all other states, are not based on the Model Rules of Professional Conduct promulgated by the American Bar Association. In consequence, both the California rules and the case law thereunder may differ from what is found in other states.

[5] LBR 2090-2(a) states: "An attorney who appears for any purpose in this court is subject to the standards of professional conduct set forth in Local Civil Rule 83-3.1.2 of the district court."

[6] District Court Local Rule 83-3.1.2 states in relevant part: "each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto."

[7] Cal. Rules Prof. Conduct, Rule 3-310(E) (2009). No written consent to Ms. Naimi's representation of Allstate has been offered in this case.

"[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.") The purpose of such protection is to permit counsel to give a client the best advice possible. To enable such advice, it is necessary for the client to disclose all relevant information, including information that the client does not want to be made public. The need to protect an earlier client's confidential information may require that the attorney be disqualified from a contemporaneous or subsequent representation of another client. See, e.g., Speedee Oil, 20 Cal. 4th at 1146 (1999). Thus, the protection of the confidentiality of such communications is fundamental to our legal system. See id.[8]

A court decision on this issue must be a pragmatic decision that focuses on the nature and quality of the former representation. See, e.g.,Jessen v. Hartford Casualty Ins. Co., 111 Cal. App. 4th 698, 706 (2003). The court must exercise special care in making such a decision where the attorney was only consulted about possible retention in a case but was not retained.

### C. Application to Existing Clients

A court may not require an attorney to disclose confidential information (which may include privileged information) for examination by the court to determine whether a subsequent representation is adverse to an existing or former client. The disclosure of such information would make public the client confidences and secrets that are entitled to protection. Thus, courts must use a substitute approach to determine whether an attorney has received confidential information material to employment adverse to a client.

The substitute approach adopted by the courts is the "substantial relationship" test. This test governs disqualification motions under Rule 3-310(E). See, e.g., Flatt, 9 Cal. 4th at 283; Kirk v. First American Title Ins. Co., 183 Cal. App. 4th 776, 796 (2010); Jessen, 111 Cal. App. 4th at 708. Under the substantial relationship test, the subject matter of an attorney's current representation is considered substantially related to the subject matter of the attorney's prior representation if any information that was material to the evaluation, prosecution, settlement, or accomplishment of the prior representation is also material to the evaluation, prosecution, settlement, or accomplishment of the current representation. Jessen, 111 Cal. App. 4th at 713. Where a substantial relationship between the subject of the prior and the current representations is shown, access to confidential information by the attorney in the course of the first representation (which is relevant, by definition to the second representation), is presumed and disqualification of the attorney's representation of the second client is mandatory. Flatt, 9 Cal. 4th at 283.

To prevail under the substantial relationship test, the former client must satisfy two elements: (1) the subject matter of the attorney's current representation is substantially related to the subject matter of the attorney's earlier representation of the former client; and (2) the attorney's earlier representation of the former client was one in which confidential information would ordinarily be disclosed. Jessen, 111 Cal. App. 4th at 709-10; see also City and County of San Francisco v. Cobra Solutions, Inc., 38 Cal.4th 839, 847 (2006); Henriksen v. Great Am. Sav. & Loan, 11 Cal. App. 4th 109, 113-14 (Cal. Ct. App. 1992). A former client who establishes both of these elements creates an irrebuttable presumption that the attorney possesses confidential information. See, e.g., Jessen,

---

[8] In addition to the protection of confidential communications, our legal system imposes on attorneys an obligation of loyalty to their clients. Id. As the California Supreme Court stated in Speedee Oil:

> Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process [citations omitted]. The effective functioning of the fiduciary relationship between attorney and client depends on the client's trust and confidence in counsel.

Id. However, the duty of loyalty is not invoked in this case because of the fleeting nature of Ms. Naimi's relationship with the debtors and the fact that they declined to retain her. See id. at 1147.

4

111 Cal. App. 4th at 708.[9] The court must then order disqualification. See id.

### D. Application of Rule Where Counsel is Not Retained

Rule 3-310(E) applies principally to a lawyer's actual engagements for separate clients with possibly differing interests. In this case, Ms. Naimi was not retained to represent the debtors. Nonetheless, because of the initial consultation, Ms. Naimi is now subject to disqualification from representing Allstate, another party in interest.

Under California rules, the relationship of attorney and client is established *prima facie* at the time of preliminary consultations with a view toward retention, even if actual retention does not materialize. *Id.*; *Perkins v. West Coast Lumber Co.*, 129 Cal. 427, 429 (1900).

In considering whether a representation was one in which an attorney would ordinarily acquire confidential information, a court must consider the nature and extent of the attorney's involvement with the former client. *See H.F. Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1455 (1991). As an initial matter, a court must presume that an attorney acquired confidential information if the attorney gave legal advice to the client. *See Jessen*, 111 Cal. App. 4th 698 at 709-10. Absent such a showing, a court must look at whether the attorney was in such a position vis-à-vis the former client that the attorney was likely to receive confidential information. *See id.* at 710-11.

In this case, the substantial relationship test is clearly met. First, Ms. Naimi consulted with debtors with respect to the same case in which she is now representing Allstate, the principal creditor. Furthermore, the subject matter is essentially the same as the case before the court, and thus is substantially related.

Second, the consultation with the debtors was one in which confidential information would ordinarily be disclosed. While a potential client would not ordinarily disclose all of the confidential information relating to a case, there would ordinarily be an important measure of disclosure of confidential information. Indeed, the debtors present evidence in this case that they presented substantial confidential information to Ms. Naimi at the second meeting and received legal advice from her on several subjects.

Ms. Naimi tries to rebut the presumption that confidential information was disclosed during the second meeting. She contends (and debtors dispute) that she only received financial information which, given the bankruptcy filings, is now public information. She further argues a former client's information is not confidential for conflict-of-interest purposes if it is already available to the adverse client or if the former client has reason to believe that the attorney would share the information with the adverse client. *See Christensen v. U.S. Dist. Court*, 844 F.2d 694, 698-99 (9th Cir. 1988).

Under California law, such rebuttal is impermissible.[10] *See, e.g., Jessen*, 111 Cal. App. 4th at 708. Courts have justified the irrebuttable presumption of knowledge of confidential information as a rule of necessity, "for it is not within the power of the former client to prove what is in the mind of the attorney. Nor should the attorney have to 'engage in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of the actual use of that knowledge and information in the

---

[9] Courts have justified the irrebuttable presumption of knowledge of confidential information as a rule of necessity, "for it is not within the power of the former client to prove what is in the mind of the attorney. Nor should the attorney have to 'engage in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of the actual use of that knowledge and information in the subsequent representation.'" Global Van Lines, Inc. v. Superior Court, 144 Cal. App. 3d 483, 489 (Cal. Ct. App. 1983) (quoting from *Developments in the Law: Conflicts of Interest in the Legal Profession*, 94 HARV. L. REV. 1244, 1318 (1981)).

[10] Ms. Naimi seeks discovery against debtors to help build a case that she did not receive confidential information from them in the second meeting. Because the presumption is irrebuttable, no such discovery could lead to the discovery of relevant information.

subsequent representation.'" *Global Van Lines, Inc. v. Superior Court*, 144 Cal. App. 3d 483, 489 (Cal. Ct. App. 1983) (quoting from *Developments in the Law: Conflicts of Interest in the Legal Profession*, 94 HARV. L. REV. 1244, 1318 (1981)). Thus, the court must order disqualification. *See id.*

In light of the foregoing, it is immaterial whether Ms. Naimi actually obtained confidential information in the course of her meeting with debtors' agents. The two dispositive issues are whether the subject matter of their meetings is substantially related to the subject matter of this case, and whether Ms. Naimi's relationship with debtors was one in which confidential information would ordinarily be disclosed. Here, the undisputed facts resolve both of these issues in favor of debtors. The court finds that movants have met their burden to show that Ms. Naimi must be disqualified.[11]

The subject matter of Ms. Naimi's current representation of Allstate, a creditor and adverse party, is substantially related to the subject matter of Ms. Naimi's meetings with debtors' agents. The subject matter of the meetings included debtors' financial condition. That information is now material to the prosecution of this bankruptcy case.

In making this ruling, the court disregards the first meeting with Ms. Naimi. Because John Michael attended the first meeting on behalf of Allstate, Allstate already had access to all the information that debtors disclosed at the first meeting. Thus, none of that information is confidential with respect to Allstate.

With respect to the second meeting, however, the court finds that Ms. Naimi likely received confidential information. Following the first meeting, Ms. Naimi requested and received documents pertaining to debtors' financial condition. At the second meeting, Mr. Avaylon showed these documents to Ms. Naimi while discussing debtors' financial condition. Additionally, Ms. Naimi charged a legal fee to debtors for this meeting at her hourly rate as an attorney. Thus, Ms. Naimi was in a position to review debtors' private documents and to listen to debtors' agents and financial consultant speak extensively about debtors' financial condition.

Ms. Naimi argues that the presence of Mr. Avaylon at the second meeting prevented any information provided to her from being confidential. The court is not persuaded. Unlike John Michael, it appears to the court that Mr. Avaylon was acting as debtors' financial consultant, rather than as a representative for a potentially adverse party, and was part of debtors' financial team. Thus, he was within the sphere of confidentiality for the debtors. Accordingly, Mr. Avaylon's presence at the second meeting did not destroy debtors' reasonable expectations of confidentiality.

## IV. CONCLUSION

This court holds that an attorney must be disqualified on conflict of interest grounds if the attorney meets with a client under circumstances in which confidential information would likely be disclosed, and the attorney subsequently represents an adverse client in a substantially related matter, even if the former client never employed the attorney.

For the foregoing reasons, this court grants debtors' motion to disqualify Haleh Naimi from representing Allstate Financial Group, Inc. or its representative, John Michael. The court does not address the issue of disqualification of Ms. Naimi's law firm, Advocate Solutions, Inc., because there is no indication that her firm desires to represent Allstate without her participation.

In view of this decision, counsel may well wonder how to obtain protection where counsel is consulted about a case but ultimately not hired. Rule 3-310(E) provides an answer: counsel may obtain written consent from those who attend the consultation to represent another party in the case if counsel is not retained by the parties to the consultation.

Dated: August 31, 2010

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

---

[11] In addition, even if (contrary to California law) rebuttal were permitted, the court finds that Ms. Naimi has not successfully rebutted the debtors' evidence that they did disclose confidential information to her.

6

NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **AMENDED OPINION ON DISQUALIFICATION OF COUNSEL FOR CREDITOR ALLSTATE FINANCIAL GROUP, INC.** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 31, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Robert M. Yaspan, Esq.         ryaspan@yaspanlaw.com
United States Trustee          ustpregion16.la.ecf@usdoj.gov
Russell Clementson, Esq.       russell.clementson@usdoj.gov

☐   Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐   Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):